UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEPHEN RABACH,

    Plaintiff,

  v.                                           Case No. 08-C-188

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.

**ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

This case presents the narrow legal issue of whether an insurance company's failure to decide a claim for benefits within the time limits set forth in its policy may constitute bad faith. Under the undisputed facts presented here, this Court concludes that the insurer's delay, in and of itself, does not rise to the level of bad fath. Accordingly, the insurer's motion for partial summary judgment will be granted and the bad faith claim dismissed.

**I. BACKGROUND**

In April 2003 Stephen Rabach ("Rabach") suffered injuries after a 2" x 6" board struck him in the head while he was building a jungle gym for his children. Rabach, an independent agent for State Farm Insurance, was covered by a long-term disability policy issued by the Life Insurance Company of North America ("LINA"). In November of 2006 Rabach filed a claim for benefits citing "severe cognitive deficits." In July 2007 LINA denied Rabach's claim. Rabach appealed the

decision. LINA then obtained a second independent medical review before affirming its previous denial in October 2007. It took LINA 241 days to deny Rabach's claim. LINA's internal policy is to resolve claims within 105 days. While evaluating Rabach's claim LINA reviewed copies of Rabach's medical records, including CT scan and MRI results, neuropsychologist reports, and requested an independent peer review of Rabach's medial history.

## II. LEGAL STANDARD FOR BAD FAITH

Under Wisconsin law, in order to establish bad faith by an insurance company an insured must show an absence of a reasonable basis for denying policy benefits. Absence of a reasonable basis for denying a claim exists when the claim is "not fairly debatable." *Anderson v. Continental Insurance Co.*, 85 Wis.2d 675, 692, 271 N.W.2d 368 (1978). The "fairly debatable" test requires a claim to be investigated properly and the results of that investigation to be subject to reasonable evaluation and review. *Trinity Evangelical Lutheran Church and School-Freistadt v. Tower Ins. Co.*, 261 Wis.2d 333, 347-48, 661 N.W.2d 789 (2003).

## III. APPLICATION

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Both Rabach and LINA agree that the grounds for LINA's denial of Rabach's claim were fairly debatable. (Defendant's Motion at 9; Plaintiff's Response at 5.) Rabach concedes that "the

2

Court should enter an order granting LINA's motion that no bad faith claim can be asserted against it for denial of Plaintiff's claim–because the grounds for that denial were fairly debatable." (Plaintiff's Response at 5.)

Rabach argues that the Court should decline to dismiss the bad faith claim in its entirety, however, because of LINA's failure to promptly address Rabach's claim. In effect Rabach argues that the 241 day delay constitutes a showing of bad faith. As evidence that the delay constitutes bad faith, Rabach cites an internal LINA memo prepared by Brenda Warren, a member of LINA's Quality Performance Services Department. Although Warren noted there was some difficulty in getting information from Rabach's doctors and completing the medical review, she also found that "other delays appeared to be due to a lack of sense of urgency on our part." (Decl. of Theresa L. Riemer, Doc. #39, Ex. 2.) Warren concluded:

> Our handling of this claim was not in keeping with our claim philosophy. The CM did not treat our customer as we would want to be treated or act with a sense of urgency in proving a claim decision in a timely manner.

(*Id.*) Rabach also relies on a provision of the Wisconsin Administrative Code which makes failure to initiate and conclude a claims investigation with all reasonable dispatch an unfair insurance practice, Wis. Adm. Code § INS 6.11(3), and cites *Jones v. Secura Ins. Co.*, 249 Wis.2d 623, 631 (2002), and *Lewis v. The Paul Revere Life Ins. Co.*, 80 F. Supp. 2d 978, 990 (E.D. Wis. 2000), for the proposition that an insurer must exercise reasonable diligence when determining whether to approve or deny a claim.

LINA reasonably argues that Rabach has no evidence to support his claim since Warren's internal memo is inadmissible as a subsequent remedial measure. *See* Fed. R. Evid. 407. But even if the memo was admissible, Rabach's bad faith claim would still fail. The fact that insurers are

3

required to investigate claims "with all reasonable dispatch," Wis. Adm. Code § INS 6.11(3), does not mean that delay by itself can give rise to a claim for bad faith. The Wisconsin Supreme Court has expressly held that Wis. Adm. Code § Ins. 6.11 does not create a private right of action. *Kranzush v. Badger State Mut. Casualty Co.*, 103 Wis.2d 56, 79-81, 307 N.W.2d 256, 268-269 (1981). Allowing Rabach's bad faith claim to proceed in the face of his concession that his claim for benefits was "fairly debatable" would circumvent this ruling. Moreover, neither of the cases Rabach cites stand for the proposition that delay, in and of itself, constitutes bad fath. At most, they suggest that carelessness and delay in deciding a claim are factors for a jury to consider in deciding whether a wrongful denial of benefits was the product of the insurer's bad faith.

This is not to say that an insurer's inordinate delay in deciding a claim may not be actionable at some point either as bad faith or as some other claim for relief. Just as justice delayed can become justice denied, so also failing to decide a claim can at some point amount to a *de facto* denial. The facts of this case fall far short of such a showing, however. Notwithstanding LIMA's self-criticism for failing to meet its own standards, the undisputed facts do not show a delay sufficient to constitute a *de facto* denial of Rabach's claim. The 241 days it took to resolve Rabach's claim may have been beyond the time called for by LIMA's policy, but such a delay is not in and of itself grounds for Rabach to proceed on a bad faith claim in light of the following: (1) it took over three years from the date Rabach was injured for him to file his claim with LINA; (2) the claim was unusual in that it seemed to involve late onset of a severe cognitive impairment resulting from trauma; (3) LINA had difficulty obtaining medical documents; (4) LINA obtained an independent neuropsychologist peer review of the medical records; (3) LINA kept Rabach informed of the status of his claim.

4

In sum, the parties agree that the underlying claim was fairly debatable. This Court is unaware of any Wisconsin authority that makes delay alone grounds for a bad faith claim where an insured agrees that his claim is fairly debatable. Even if such a claim does exist, the undisputed facts of this case do not support it. Accordingly, as there is no genuine issue of material fact regarding bad faith, LINA is entitled to partial summary judgement as to Rabach's bad faith claim.

**IV. CONCLUSION**

**THEREFORE IT IS ORDERED** that Defendant LINA's Motion for Partial Summary Judgement (Doc. # 25) is **GRANTED** and Rabach's claim for bad faith is hereby dismissed.

Further, having reviewed the materials filed under seal, the Court finds no just cause for maintaining them under seal. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."). Accordingly, unless good cause is shown within ten days of this order, the Clerk shall unseal all filings.

Finally, the Clerk is directed to set this matter on the Court's calendar for further scheduling.

Dated this   20th   day of July, 2010.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

5